UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) VIRAYUTH CHAU )<br>   a/k/a David, a/k/a Thai, and )<br>   a/k/a Virak Yuth, )<br>) | Criminal No. 16-10252-NMG |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**GORTON, D.J.**

WHEREAS, on August 31, 2016, the United States Attorney for the District of Massachusetts filed a two-count Indictment, charging defendants Virayuth Chau a/k/a David, a/k/a Thai, a/k/a Viray Yuth (the "Defendant"), and another, with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, the Indictment also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the

Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), and such property specifically included, without limitation:

    a. A sum of money equal to the total amount of proceeds obtained as a result of the offense, for $1,000,000;

WHEREAS, on March 23, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One and Two of the Indictment, pursuant to a written plea agreement that he signed on March 23, 2017;

WHEREAS, in Section 8 of the plea agreement, the Defendant agreed that the assets to be forfeited specifically included, without limitation, a forfeiture money judgment in the amount of at least $1,000,000;

WHEREAS, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $1,000,000 because such amount constituted, or was derived from, proceeds of Defendant's offenses and were involved in Defendant's offenses;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on March 23, 2017, the United States is entitled to an Order of Forfeiture (Money

Judgment) consisting of a personal money judgment against the Defendant in the amount of $1,000,000 in United States currency, pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1), as the amount $1,000,000 reflects the amount of proceeds the Defendant personally obtained as a result of violations of 21 U.S.C. § 846 (Count One), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,000,000 in United States currency, pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.  Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing and in the criminal judgment entered by this Court against the Defendant.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 8/7/17