UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) VIRAYUTH CHAU )<br>   a/k/a David, a/k/a Thai, and )<br>   a/k/a Virak Yuth, )<br>_____ ) | Criminal No. 16-10252-NMG |

## PRELIMINARY ORDER OF FORFEITURE

**GORTON, D.J.**

WHEREAS, on August 31, 2016, the United States Attorney for the District of Massachusetts filed a two-count Indictment, charging defendant Virayuth Chau a/k/a David, a/k/a Thai, a/k/a Viray Yuth (the "Defendant"), and another, with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One), and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, the Indictment also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the

Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), and such property specifically included, without limitation:

    a. A sum of money equal to the total amount of proceeds obtained as a result of the offense, for $1,000,000;

WHEREAS, on March 23, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One and Two of the Indictment, pursuant to a written plea agreement that he signed on March 23, 2017;

WHEREAS, in Section 8 of the plea agreement, the Defendant agreed that the assets to be forfeited specifically included, without limitation, the following:

    a. a forfeiture money judgment in the amount of at least $1,000,000;

    b. real property located at 59195 Gilman Road, Anza, California, Riverside County, bearing Assessor's Parcel Number 576200050;

    c. real property located at 838 East Mission Road, Fallbrook, California, San Diego County, recorded on August 19, 2016, Trustees Deed bearing Document No. 2016-0427497;

    d. real property located at 33878 Linda Rosea Road, Temecula, California, Riverside County, recorded on November 16, 2012, Grant Deed bearing

Document No. 2012-0556231;[1]

e. real property located at 60771 Indian Paint Brush Road, Anza, California, Riverside County, recorded on July 31, 2014, Grant Deed bearing Document No. 2014-0288099;

f. real property located at 61110 Coyote Canyon Road, Anza, California, Riverside County, recorded on December 3, 2014, Grant Deed bearing Document No. 2014-0461494; and

g. real property located at 39575 Anzanita Lane, Anza, California, Riverside County, recorded on August 19, 2014, Grant Deed bearing Document No. 2014-0312964 recorded on August 19, 2014

(assets (b), (c), (e), (f), and (g), collectively, the "Properties");

WHEREAS, the Defendant agreed that the Properties constituted, or were derived from, proceeds of Defendant's offenses and were involved in Defendant's offenses;

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, and 18 U.S.C.§ 982(a)(1); and

WHEREAS, pursuant to 21 U.S.C. § 853, 18 U.S.C.§ 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

---

[1] The United States no longer seeks to forfeit this Real Property.

2. Accordingly, all of the Defendant's interests in the Properties is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), incorporated by 18 U.S.C.§ 982(b)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), incorporated by 18 U.S.C.§ 982(b)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), incorporated by 18 U.S.C.§ 982(b)(1), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.  Pursuant to 21 U.S.C. § 853(n)(7), incorporated by 18 U.S.C.§ 982(b)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C.§ 982(a)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 8/7/17