UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 16-10252-NMG |
| | ) | |
| (1) VIRAYUTH CHAU | ) | |
| a/k/a David, a/k/a Thai, and | ) | |
| a/k/a Virak Yuth, | ) | |

## FINAL ORDER OF FORFEITURE

**GORTON, D.J.**

WHEREAS, on August 31, 2016, a federal grand jury sitting in the District of

Massachusetts returned a two-count Indictment, charging defendant Virayuth Chau, a/k/a David,

a/k/a Thai, a/k/a Viray Yuth (the "Defendant"), and another, with Conspiracy to Distribute and

Possess with Intent to Distribute Marihuana, in violation of 21 U.S.C. § 846 (Count One), and

Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two);

WHEREAS, the Indictment included a Drug Forfeiture allegation, pursuant to 21 U.S.C.

§ 853, which provided notice that the United States intended to seek the forfeiture, upon

conviction of the Defendant of the offense alleged in Counts One of the Indictment, of any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of

the offense; and any property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, such offense;

WHEREAS, the Indictment also included a Money Laundering Forfeiture Allegation,

pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek

the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the

Indictment, of any property, real or personal, involved in such offense, and any property

traceable to such property;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, described in the above-referenced paragraph, pursuant to 21 U.S.C. § 853(p), and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 23, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that he signed on the same date;

WHEREAS, in Section 8 of the plea agreement, the Defendant admitted that the following properties were subject to forfeiture because they constitute, or were derived from, proceeds of Defendant's offenses, and they were involved in Defendant's offenses charged in Counts One through Two of the Indictment:

      a.  real property located at 59195 Gilman Road, Anza, California, Riverside County bearing Assessor's Parcel Number 576200050 (the "Gilman Road Property");[1]

      b.  real property located at 838 East Mission Road, Fallbrook, California, San Diego County, recorded on August 19, 2016, Trustees Deed bearing Document No. 2016-0427497;

      c.  real property located at 33878 Linda Rosea Road, Temecula, California, Riverside County, recorded on November 16, 2012, Grant Deed bearing

---

[1] The United States no longer seeks to forfeit this real property.  Instead, the United States seeks to forfeit the proceeds from the sale of the real property (*i.e.*, $35,500).

Document No. 2012-0556231;[2]

d.  real property located at 60771 Indian Paint Brush Road, Anza, California, Riverside County, recorded on July 31, 2014, Grant Deed bearing Document No. 2014-0288099 (the "Indian Paint Brush Road Property");

e.  real property located at 61110 Coyote Canyon Road, Anza, California, Riverside County, recorded on December 3, 2014, Grant Deed bearing Document No. 2014-0461494 (the "Coyote Canyon Road Property");[3] and

f.  real property located at 39575 Anzanita Lane, Anza, California, Riverside County, recorded on August 19, 2014, Grant Deed bearing Document No. 2014-0312964 recorded on August 19, 2014 (the "Anzanita Lane Property")[4]

(collectively assets (a), (b), (d), (e), the "Properties");

WHEREAS, on August 7, 2017, this Court issued a Preliminary Order of Forfeiture

against the Properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2)

of the Federal Rules of Criminal Procedure;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Properties,

pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested

parties and published on the government website www.forfeiture.gov for thirty (30) consecutive

calendar days, beginning on October 12, 2017 and ending on November 10, 2017;

WHEREAS, on September 29, 2017, L&L Real Estate Investment, LLC filed a

Verified Claim to the following properties subject to forfeiture:

a.  the Coyote Canyon Road Property;

b.  the Gilman Road Property; and

---

[2] The United States no longer seeks to forfeit this real property.

[3] The United States no longer seeks to forfeit this real property.   Instead, the United States seeks to forfeit the proceeds from the sale of the real property (*i.e.*, $74,106.74).

[4] The United States no longer seeks to forfeit this real property.

c.  the Anzanita Lane Property;

WHEREAS, on December 26, 2017, L&L Real Estate Investment, LLC withdrew its

Verified Claim;

WHEREAS, on December 7, 2017, the United States received a claim from Alvin Kranz

and Anne Firestone (collectively, the "Claimants"), and the United States and the Claimants have

entered into a settlement agreement, attached hereto and incorporated as Attachment 1, as it

relates to the following property:

a.  the Indian Paint Brush Road Property; and

WHEREAS, no other claims to the Properties have been filed with the Court or served on

the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      The United States' Motion for a Final Order of Forfeiture is allowed.

2.      The United States of America is now entitled to the forfeiture of all right, title or

interest in the Properties, and are hereby forfeited to the United States of America pursuant to 21

U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(c) of the Federal Rules of Criminal

Procedure.

3.      All other parties having any right, title or interest in the Properties are hereby held

in default.

4.      The United States Marshals Service is hereby authorized to dispose of the

Properties in accordance with applicable law.

5.      This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.


NATHANIEL M. GORTON
United States District Judge

Dated:      2/1/18